## Prisinzano v. Prisinzano

*Harry Goodfriend*, for petitioner.
*John Garaguso*, for respondent.

ALESSANDRONI, J., December 18, 1942.—Under date of October 17, 1941, an order was entered against libellant to pay counsel fee to the attorney for respondent in the sum of $350. On November 19, 1942, the

petition now under consideration was filed, averring an unpaid balance of the said order of $216.

The answer of respondent set forth that on October 31, 1942, he enlisted in the Reserve Signal Corps of the Army of the United States, retaining, however, his present position from which he derives a weekly income of approximately fifty dollars. The extent of his present military service is limited to preliminary training therefor. Under these facts, libellant seeks the benefit of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, as amended by the Act of October 6, 1942, 56 Stat. at L. 769, 50 U. S. C. §501 et seq., claiming immunity from compliance with the order of this court.

Libellant, by his enlistment in the Reserve Signal Corps of the Army of the United States and undergoing training therefor, brings himself within the literal meaning of the definition of "military service" as set forth in section 101 of the act:

"The term 'military service', as used in this Act, shall signify Federal service on active duty with any branch of service heretofore referred to or mentioned *as well as training or education under the supervision of the United States preliminary to induction into the military service.*" (Italics supplied.)

However, whether he comes within the purposes of the act, as set forth in section 100 thereof, is an entirely different matter:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States

in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force."

Passing over the exact nature of the order from which libellant now seeks relief and assuming, although we reserve grave doubt, that the present proceeding is within the cases contemplated by the act, libellant clearly labors under a misapprehension as to the effect of that act. It does not provide blanket-like moratorium on all legal obligations. Unless the liability sought to be averted has a relationship, in fact, to the war effort and to the devotion of energy by the person seeking relief to the defense needs, it may not be invoked to gain the immunity sought: Brooklyn Trust Co. v. Papa, 33 N. Y. Supp. (2d) 57 (1941). The act was designed to give one engaged in the military effort a measure of mental comfort and security from matters which might detract from such effort. Hence, where the circumstances are as here, libellant pursuing his usual occupation and his military activity being limited to evening studies, to invoke the act would be to turn it from an instrument of relief to a vehicle of legal obstruction: Hunt v. Jacobson, 178 Misc. (N. Y.) 201 (1942).

The application for relief is directed to the discretion of the court and not as a petition for a rule as of right: 91 U. of Pa. L. Rev. 177.

*Order*

And now, to wit, December 18, 1942, the rule is discharged without prejudice and it is ordered, adjudged, and decreed that libellant, Frank Prisinzano, pay to John Garaguso, Esq., the sum of not less than $36 per

month, beginning January 1, 1943, until the amount remaining unpaid under the order entered by the court on October 17, 1941, shall be fully paid or until the said Frank Prisinzano shall, upon cause shown, be relieved thereof by order of the court.